## Miller's Estate.

*Auditor—Findings of fact—Evidence—Husband and wife.*

An auditor's finding of fact that a husband is indebted to his wife, when such finding is. based upon sufficient evidence, and is confirmed by the court below, will not be reversed by the appellate court except for manifest error.

Where a husband receives money owing to his wife, and receipts for it as her agent, and it appears that the wife was not present when the payment was made, there is no presumption, after the husband's death, that he had paid over in his lifetime to his wife such moneys collected.   The fact of payment must be proved.

Argued Dec. 3, 1906.   Appeal, No. 1, Oct. T., 1906, by Charles J. Miller, Trustee, from decree of C. P. Northampton Co., dismissing exceptions to auditor's report in Estate of Jacob Miller, deceased.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Exceptions to report of J. W. Wilson, Esq., auditor.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Harry C. Cope*, for appellant.—It is well settled, and is undoubtedly the law, that where the wife permits her husband to receive the profits or rents of her separate estate, and they are living together, the legal presumption is that it was the intention of the wife to make a gift of the rents, etc., to her husband, and that it would be unjust to call him to account after the lapse of a number of years.   The leading authorities on this point are as follows: McGlinsey's Appeal, 14 S. & R. 64; Hauer's Estate, 140 Pa. 420; Kittel's Estate, 156 Pa. 445; Bubb v. Bubb, 201 Pa. 212; Mahon's Estate, 202 Pa. 201.

Wherever the acts of a person standing in a confidential relation may admit of two constructions, one right and the other tortious, the presumption is in favor of the former: Duff v. Wilson, 72 Pa. 447 ; Dowd v. Crow, 205 Pa. 214; Breiden v. Paff, 12 S. & R. 430 ; Horan v. Weiler, 41 Pa. 470; Farnham

v. R. R. Co., 55 Pa. 53; Schum v. Penna. R. R. Co., 107 Pa. 8.

If it is a servant's duty to collect money for his master, the presumption is that he handed it over and has acted in good faith: Turner v. Kouwenhoven, 100 N. Y. 115 (2 N. E. Repr. 637).

*Nevin J. Loos,* for appellee, cited: Wormley's Estate, 137 Pa. 101; Stewart v. Stewart, 207 Pa. 59; Rine v. Hall, 187 Pa. 264; Wilkinson's Estate, 192; Reber's Estate, 143 Pa. 308; Lahr's App., 90 Pa. 507; Mahon's Est., 202 Pa. 201; Moore v. Moore, 165 Pa. 464.

OPINION BY BEAVER, J., February 25, 1907:

The widow of decedent, who had conveyed his estate in his lifetime to a trustee, upon the trust (inter alia) "that the said Charles J. Miller (trustee) as soon as conveniently can be done after the death of the said Jacob Miller, shall, out of said real estate and the rents, issues and profits thereof, pay all and every just indebtedness that may be due and owing by the said Jacob Miller," etc., petitioned the court, the personal property of the decedent being insufficient for the payment of his just debts: "That said Charles J. Miller, trustee of the estate of Jacob Miller, and Charles J. Miller and George N. Miller, cestui que trust and heirs at law of said Jacob Miller, be made parties respondent and that a citation may be issued to them to appear in court and show cause why the indebtedness of said Jacob Miller to your petitioner should not be paid out of said real estate conveyed in trust, and that a decree may be made directing said Charles J. Miller, trustee, to pay to your petitioner the amount of the indebtedness of said Jacob Miller to her, and that an order may be made authorizing and directing said Charles J. Miller, trustee, to make sale of so much of said real estate as is sufficient for the payment of the debts of said Jacob Miller, and the costs of this proceeding."

After an answer and replication, an auditor was appointed, who, after taking a considerable amount of testimony and a hearing, made five findings of fact, in the first two of which he found that the estate of Jacob Miller was indebted to Mary M. Miller, the petitioner, in two several amounts, which with in-

terest from the death of the decedent aggregated $232.28.
The remaining findings of fact denied the liability of the es-
tate of the decedent to the petitioner for sums which con-
stituted the bulk of the claim made by her. These facts be-
ing found, the conclusions of law at which the auditor arrived
were fully warranted. The court below confirmed the audi-
tor's report.

We have read the testimony and find clear ground therein
for the distinction made by the auditor between the moneys
paid to the husband in the presence of the wife, or paid to the
wife in the husband's presence, as rentals of her separate real
estate, and those paid to the husband separate and apart from
his wife, for which he receipted " M. M. Miller, per Jacob
Miller," particularly in view of the fact that at least so far as
the Yotter rents were concerned he called for them at the busi-
ness place of the tenant.

There is nothing in this case, as we view it, which will take
it out of the established rule that the findings of fact by an
auditor, approved by the court below, will not be disturbed,
except for manifest error. It is not necessary to retrace the
ground covered by the opinion of the court below, which is
sufficiently convincing and conclusive.

The application of the doctrine, omnia præsumuntur rite
esse acta, which relates to public officers, which the appellant
seeks to make here, is rather novel, and, if carried to its legit-
imate conclusion, would lead to the startling proposition, all
men ought to pay their debts; they are, therefore, presumed
to have paid them. The statement of the proposition answers
itself. As the court below well observes : " When money is
thus received for the wife (under the circumstances stated
above) payment to her by the husband will not be presumed.
That fact must be proven."

It is true that the wife did not receive all that she claimed.
She, nevertheless, had a decree in her favor, a decree which
would have carried costs in an ordinary suit in the common
pleas. There is no reason, therefore, why the costs here should
not be visited upon the contesting party, as in an ordinary suit
at law.

The assignments of error are all overruled and the decree of
the court below affirmed.